# IN UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEE. E. CRAWFORD,
*Plaintiff,*

v.

ROBERT MCMILLAN
*Defendant in individual and official capacities,*

EDWARD J. ZALOGA
*Defendant in individual and official capacities,*

ANTHONY IANNUZZI
*Defendant in individual and official capacities,*

KEN MCCAWLY
*Defendant in individual and official capacities,*

KENNEDY
*Defendant in individual and official capacities,*

John Doe #1
*Defendant in individual and official capacities,*

John Doe #2
*Defendant in individual and official capacities,*

John Doe #3
*Defendant in individual and official capacities,*

Serve all at:

CORRECTIONAL CARE, INC
*Defendant in Corporate capacity*

Serve at:

17641

**CAUSE NO.: NOT ASSIGNED**

**CIVIL RIGHTS PETITION BY DETAINEES**

**JURY TRIAL DEMANDED**

FILED
SCRANTON

APR 1 1 2017

PER——— DEPUTY CLERK

## PETITION

Comes now, LEE E. CRAWFORD ("CRAWFORD"), Plaintiff in pro se, and sets

forth his initial petition as follows:

## NATURE OF THE SUIT

1. The forgoing is a civil rights action brought by a federal pretrial detainee in custody of the Lackawanna County Correctional Prison ("LCCP"). The defendants are state officials and medical providers, contractors included, who had custody over plaintiff in LCCP. The defendants deliberately and grossly ignored plaintiff's serious medical needs. When he attempted to exhaust the administrative remedies and informed them that litigation was forth coming, they retaliated against him. This suit followed.

## JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction over these claims pursuant to 42 U.S.C. Section 1983. LCCP and the actions and omissions complained of, all are placed within the confines of Middle District of Pennsylvania.

## PARTIES TO THE SUIT

3. Crawford was at all relevant times a detainee in LCCP. He is the pro se plaintiff and is currently held at Pike County Correctional Facility in Pennsylvania.

4. ROBERT MCMILLAN ("McMillan") is and was the warden of LCCP at all relevant times. He is named as a defendant in his individual and official capacities.

5. EDWARD J. ZALOGA ("Zaloga") is and was the clinical director and a physician at LCCP at all relevant times. He is named as a defendant in his individual and official capacities.

6. ANTHONY IANNUZZI ("Iannuzzi") is and was a nurse at LCCP at all relevant times. He is named as a defendant in his individual and official capacities.

7. KEN MCCAWLY ("McCawly") is and was a nurse at LCCP at all relevant times. He is named as a defendant in his individual and official capacities.

8. KENNEDY is and was a correctional officer (sergeant) at LCCP at all relevant times. He is named as a defendant in his individual and official capacities.

9. John Doe #1 is and was a dentist at LCCP at all relevant times. He is named as a defendant in his individual and official capacities. Plaintiff is utilizing a place-holder pending discovery of the true identity of this defendant.

10. John Doe #2 is and was a mental health provider or a psychologist at LCCP at all relevant times. He is named as a defendant in his individual and official capacities. Plaintiff is utilizing a place-holder pending discovery of the true identity of this defendant.

11. John Doe #3 is and was the Food Services Administrator at LCCP at all relevant times. He is named as a defendant in his individual and official capacities. Plaintiff is utilizing a place-holder pending discovery of the true identity of this defendant.

12. CORRECTIONAL CARE, INC is and was a contracting medical provider to LCCP at all relevant times. It is named as a corporate defendant.

## PRISON LITIGATION REFORM ACT ("PLRA") EXHAUSTION

13. Plaintiff has fully exhausted the administrative remedy requirements pursuant to PLRA. The grievance process, which he has fully exhausted as available includes but is not limited to the following as provided by Pennsylvania law, PLRA and the local policies of LCCP:

- An informal inmate complaint and attempted resolution

- A formal inmate complaint and attempted resolution (LCCP-001)

- A formal inmate complaint and attempted resolution with the warden (LCCP-002)

- Correspondence and attempted resolution with County Solicitor

- Correspondence and attempted resolution with County Commissioners Board

## FACTS COMMONS TO ALL COUNTS

14. Crawford was interred at LCCP as a federal pretrial detainee on or about April 2nd of 2013. He suffers from a garden variety of ailments, including but not limited to: Hepatitis-C, Diabetes, Hyperlipidemia, Tooth decay and years lack of dentistry, Depression, Anxiety, posttraumatic stress disorder ("PTSD").

15. Plaintiff is a 56 years old black male (born on January 20th 1962) who lives in the body of a 90 years old man due to various medical ailments. With honest naiveté, this old man who has always lived with old school values believed in the promise of the constitution in this great country, that a pretrial detainee is presumed innocent, and is not to be punished an if so, be punished humanely and his medical needs be cared for. However, the officials at LCCP merely placed economic calculus and racial prejudice before the plaintiff's well-being and ignored his medical conditions, which are with no doubt objectively serious. It would not take an expert to state that he has chronic needs, which need particular care.

16. After almost two years of struggle, exhaustion of numerous administrative remedies and litigation and threats of litigation, after they retaliated and punished him unduly, even by putting him for days in solitary confinement. Eventually using appeals to outside agencies, including his criminal defense counsel, defendants transferred plaintiff to Pike County Correctional Facility on or about February 26th of 2015.

17. With extremely limited legal knowledge, with no help from law library, not even from a jailhouse lawyer or a law clerk, Crawford attempted to litigate his claims previously. However, they were dismissed **without prejudice**, see *Crawford v.*

_McMillan_, US District Court for Middle District of Pennsylvania, Honorable Judge Rambo, 1:14-CV-1936.

18. In LCCP, even upon arrival, plaintiff sought treatment for broken dentures, tooth decay and cavities; John Doe #1 ignored the plea for help. The problems still exist today. Plaintiff still suffers from excessive pain, bleeding gums, deterioration of tooth, bone loss, headaches, difficulty eating.

19. In LCCP, even upon arrival, plaintiff sought treatment for Hepatitis-C. Zaloga ignored his pleas for help, mainly due to economic calculations and racial prejudice. Zaloga is part financially ventured in Correctional Care, Inc. He does not treat detainee patients with the heart of a doctor, but with the heart and mindset of a businessperson. This was evident in the fashion in which he treated medical issues amongst detainees in LCCP. As a result plaintiff's blood work and medical charts establish: damage to his liver, high liver enzyme count, high viral load and damages to the lining of stomach. Plaintiff contacted McMillan, Iannuzzi and McCawly and begged for their help. He pursued numerous medical sick calls and grievances. These defendants ignored all.

20. In LCCP, even upon arrival, plaintiff sought treatment for hyperlipidemia and hypercholesterolemia. Zaloga, the businessperson in a doctor's suit, ignored his pleas for help, mainly due to economic calculations and racial prejudice. As a result, plaintiff's blood work and medical charts establish high lipids level, high cholesterol and triglycerides. Plaintiff contacted McMillan, Iannuzzi and McCawly and begged for their further. He pursued numerous medical sick calls and grievances. These defendants ignored all.

21. In LCCP, even upon arrival, plaintiff sought treatment for PTSD, depression and other mental health issues. John Doe# 2 ignored his pleas for help, mainly due to economic calculations and racial prejudice. Plaintiff endures and still suffers from sleep deprivation, high stress level, and cardiac manifestations of stress, nightmares, severe depression and anxiety.

## Retaliation Ensued

22. After plaintiff informed the defendants that litigation was forthcoming, and as plaintiff began the administrative remedy process, an onslaught of retaliatory actions and decisions began:

- Singling out and targeting the plaintiff for abuse
- Labeling plaintiff as an instigator and inviting the staff to treat him as such
- Verbal and psychological abuse
- Denial of access to law library and access to courts
- Denial of medical care and mental health counseling for injuries they had caused themselves.

23. On or about November 1st 2013, John Doe #3 -- the Director of Food Services -- denied plaintiff a Kosher Diet. Plaintiff is a Muslim and has to be issued a certified religious diet. This was an act of discrimination and retaliation. Doe#3 did not explain his decision and action. His demeanor and attitude was "I do it because I can!" Three correctional officers witnessed this incident: Mika, Calpin, and Janeski..

24. Kennedy issued a retaliatory and baseless incident allegation. He accused plaintiff of "hiding a knife" and placed him in segregation. Kennedy did so only to retaliate and abuse plaintiff. Kennedy pointed to a plastic hair comb which LCCP provides to indigent detainees and called that a contraband and a "dangerous weapon". Kennedy ordered plaintiff being held for at least 10 days in segregation.

25. Viciously, in such blatant and gross manner, defendants frequently huddled up to conspire and to organize, before and after every event to harm, hinder or retaliate.

## COUNT I (ONE)
## 42 U.S.C. 1983—FIFTH AMENDMENT-- DUE PROCESS CLAUSE
## (ALL DEFENDANTS)

1) Defendants deprived plaintiff of his protect-able interests under the constitution;

2) Defendants deprived plaintiff of his rights under the color of law, under the ruse of government actions;

3) Defendants deprived plaintiff of their rights without due process;

4) LCCP, state of Pennsylvanian and the United States, all have relevant laws, regulation and local policies that clearly govern addressing medical treatment of inmates and detainees. These regulations are not matters of judgment or discretion. They are very clear and defendants clearly knew them. Their actions were gross misconduct, intentional and flagrant;

5) As a result, plaintiff has been harmed substantively and substantially.

## COUNT II (TWO)
## 42 U.S.C. 1983—FIFTH AMENDMENT-- DUE PROCESS CLAUSE
## DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED

## (MCMILLAN, ZALOGA, IANNUZZI, MCCAWLY, DOE #1, DOE #2, CORRECTIONAL CARE)

1) Plaintiff suffers and was suffering from an objectively serious medical condition and need.

2) Defendants were deliberately indifferent to the serious medical need. They knew, but they idly stood by.

3) These medical needs were serious, were diagnosed by a physician, as mandating treatment, and even a layperson would easily recognize the necessity for a doctor's attention.

4) Defendants intentionally refused to provide care, delayed medical treatment for non-medical reasons, denied prescribed treatment, denied reasonable requests for treatment that results in suffering or risk of injury.

5) As a result, plaintiff has been harmed substantively and substantially.

### COUNT III (THREE)
### 42 U.S.C. 1983—EIGHTH AMENDMENT
### DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED

### (MCMILLAN, ZALOGA, IANNUZZI, MCCAWLY, DOE #1, DOE #2, CORRECTIONAL CARE)

1) Plaintiff suffers and was suffering from an objectively serious medical condition and need.

2) Defendants were deliberately indifferent to the serious medical need. They knew, but they idly stood by.

3) These medical needs were serious, were diagnosed by a physician, as mandating treatment, and even a layperson would easily recognize the necessity for a doctor's attention.

4) Defendants intentionally refused to provide care, delayed medical treatment for non-medical reasons, denied prescribed treatment, denied reasonable requests for treatment that results in suffering or risk of injury.

5) As a result, plaintiff has been harmed substantively and substantially.

### COUNT IV (FOUR)
### 42 U.S.C. 1983—FIFTH AMENDMENT—EQUAL PROTECTION CLAUSE
### (ALL DEFENDANTS)

1) Defendants treated plaintiff in a discriminatory manner, singled him out from the group of similarly situated individuals;

2) Defendants were motivated by discriminatory purpose and intent;

3) This was a case of purposeful discrimination and that purposeful discrimination had a discriminatory effect on plaintiff. Their actions were gross misconduct, intentional and flagrant;

4) As a result, plaintiff has been harmed substantively and substantially.

### COUNT V (FIVE)
### 42 U.S.C. 1983—FIRST AMENDMENT—FREE SPEECH / PETITION
### RETALIATION CLAUSE
### (ALL DEFENDANTS)

1) Plaintiff engaged in conduct protected by the First Amendment, in informing defendants that litigation was forth-coming and in dutifully and diligently pursuing administrative remedy and attempts to exhaust;

2) Defendants then took adverse action against plaintiff by their numerous unlawful decisions and actions. Their actions were gross misconduct, intentional and flagrant;

3) A clear causal connection exists between the protected conduct and the adverse action such that the former was a substantial motivating factor in the latter;

4) As a result, plaintiff has been harmed substantively and substantially.

### COUNT VI (SIX)
### 42 U.S.C. 1981
### (ALL DEFENDANTS)

1) Plaintiff is a member of a racial minority;

2) Defendants had intent to discriminate on the basis of race;

3) Defendants' discriminatory conducts concerned the activities enumerated in the statute;

4) Defendants and their supervisors had knowledge of the acts of discrimination and knowingly failed to remedy or prevent them;

5) As a result, plaintiff has been harmed substantively and substantially.

## COUNT VII (SEVEN)
## 42 U.S.C. 1985
## (ALL DEFENDANTS)

1) Defendants conspired to harm plaintiff;

2) The purpose of conspiracy was depriving plaintiff, either directly or indirectly, of equal protection of the laws, and of equal privileges and immunities under the laws;

3) Defendants each and every one contributed acts in furtherance of the conspiracy;

4) Defendants injured plaintiff in his person and deprived of rights under the law;

5) As a result, plaintiff has been harmed substantively and substantially.

## COUNT VIII (EIGHT)
## CIVIL CONSPIRACY – PENNSYLVANIA LAW
## (ALL DEFENDANTS)

1) Defendants performed overt acts, in harmony and in cohorts, to harm plaintiff;

2) Defendants did so in pursuit of a common purpose or design to do unlawful acts, to do lawful acts by unlawful means, for unlawful purposes;

3) As a result, plaintiff has been harmed substantively and substantially.

## COUNT IX (NINE)
## NEGLIGENCE – PENNSYLVANIA LAW
## (MCMILLAN, ZALOGA, IANNUZZI, MCCAWLY, DOE #1, DOE #2, CORRECTIONAL CARE)

1) Defendants owed a duty and obligation to plaintiff, recognized by Pennsylvania law, requiring the defendants to conform to a certain standard of conduct;

2) Defendants failed on their part to conform to the standard required;

3) There was a causal connection between defendants' actions and omissions and the resulting injuries which plaintiff suffers;

4) As a result, plaintiff has been harmed substantively and substantially.

### COUNT X (TEN)
### SPECIAL RELATIONSHIP-NEGLIGENCE – PENNSYLVANIA LAW
### (MCMILLAN, ZALOGA, IANNUZZI, MCCAWLY, DOE #1, DOE #2,
### CORRECTIONAL CARE)

1) There was a special relationship between plaintiff and defendants. He was after all in their care, control and custody. Such was a nexus, special reason to anticipate reliance upon the defendants, which justified the basis for finding a duty of care to plaintiff.

2) Defendants owed a duty and obligation to plaintiff, recognized by Pennsylvania law, requiring the defendants to conform to a certain standard of conduct;

3) Defendants failed on their part to conform to the standard required;

4) There was a causal connection between defendants' actions and omissions and the resulting injuries which plaintiff suffers;

5) As a result, plaintiff has been harmed substantively and substantially.

### DAMAGES
### JURY TRIAL REQUESTED

1) Plaintiff respectfully requests assessment of actual and punitive damages against Defendant McMillan:

Actual Damages: 100,000.00 (USD $)

Punitive Damages: 550,000.00 (USD $)

Costs of Suit:  50,000.00 (USD $)

2) Plaintiff respectfully requests assessment of actual and punitive damages against Defendant ZALOGA:

:Actual Damages: 100,000.00 (USD $)

Punitive Damages: 550,000.00 (USD $)

Costs of Suit:  50,000.00 (USD $)

3) Plaintiff respectfully requests assessment of actual and punitive damages against Defendant IANNUZZI:

Actual Damages: 100,000.00 (USD $)

Punitive Damages: 550,000.00 (USD $)

Costs of Suit:  50,000.00 (USD $)

4) Plaintiff respectfully requests assessment of actual and punitive damages against Defendant MCCAWLY:

Actual Damages: 100,000.00 (USD $)

Punitive Damages: 550,000.00 (USD $)

Costs of Suit:  50,000.00 (USD $)

5) Plaintiff respectfully requests assessment of actual and punitive damages against Defendant KENNEDY:

:

Actual Damages: 100,000.00 (USD $)

Punitive Damages: 550,000.00 (USD $)

Costs of Suit:  50,000.00 (USD $)

6) Plaintiff respectfully requests assessment of actual and punitive damages against Defendant Doe #1:

        Actual Damages: 100,000.00 (USD $)

        Punitive Damages: 550,000.00 (USD $)

        Costs of Suit:  50,000.00 (USD $)

7) Plaintiff respectfully requests assessment of actual and punitive damages against Defendant Doe #2:

        Actual Damages: 100,000.00 (USD $)

        Punitive Damages: 550,000.00 (USD $)

        Costs of Suit:  50,000.00 (USD $)

8) Plaintiff respectfully requests assessment of actual and punitive damages against Defendant Doe #3:

        Actual Damages: 100,000.00 (USD $)

        Punitive Damages: 550,000.00 (USD $)

        Costs of Suit:  50,000.00 (USD $)

9) Plaintiff respectfully requests assessment of actual and punitive damages against Defendant CORRECTIONAL CARE:

        Actual Damages: 200,000.00 (USD $)

        Punitive Damages: 1,100,000.00 (USD $)

        Costs of Suit:  100,000.00 (USD $)

10) Plaintiff prays for assessment of a **TOTAL OF 7,000,000 (USD $)** against all the defendants.

11) In addition, plaintiff prays for any and all other relief deemed just and proper under the circumstances.

Respectfully Submitted,
**On this <u>April 5th 2017.</u>**

**LEE E. CRAWFORD**
OCA: 15-02069
USM: 7102067
PIKE COUNTY CORRECTIONAL FACILITY
175 PIKE COUNTY BLVD,
LORDS VALLEY, PA 18428

Appearing in Pro Se

**LEE E. CRAWFORD**
**OCA: 15-02069**
**USM: 7102067**
**PIKE COUNTY CORRECTIONAL FACILITY**
**175 PIKE COUNTY BLVD,**
**LORDS VALLEY, PA 18428**

**APRIL 5TH 2017**

**Crawford v. McMillan et. al. – NEW FILING**

**DEAR CLERK OF THE COURT:**

This is a civil rights suit (new filing) against state officials in Lackawanna County
Correctional Prison by a pro se federal pretrial detainee.

Please find in enclosure:

- **PETITION**
- **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**
- **MOTION FOR PRAECIPE**

I have enclosed for you also a self-stamped addressed envelope and extra copies
of the fact page for each filing. Please assign a case number, stamp, date and return me.

Thank you for your attention in advance.

Sincerely,

*Mr. Lee E. Crawford*
**LEE E. CRAWFORD**

CC: File

**ENCLOSURES.**

