UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

| | |
|---|---|
| LEE E. CRAWFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN ROBERT MCMILLAN, et al.,<br><br>    Defendants. | No. 1:17-CV-00641<br><br>(Judge Rambo) |

## MEMORANDUM

Before the Court for screening is a civil action filed by pro se Plaintiff, Lee E. Crawford, pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Upon review of the allegations within the complaint, the Court will dismiss the complaint pursuant to the doctrines of res judicata and the statute of limitations.

I.   **Background**

Plaintiff initiated this civil action by filing a complaint (Doc. No. 1) on April 11, 2017, regarding the medical care he was receiving while a federal pretrial detainee confined at the Lackawanna County Prison.[1] Named as defendants are the following individuals and entities: (1) Robert McMillan, Warden of Lackawanna County Prison; (2) Edward J. Zaloga, D.O.; (3) Correctional Care, Inc.; (4) Anthony

---

[1] According to the Court docket, Crawford is presently confined at Columbia County Prison, Bloomsburg, Pennsylvania.

Iannuzzi, Certified Registered Nurse Practitioner; (5) Ken McCawley, Nursing Supervisor; (6) Sergeant Kennedy, a correctional officer; (7) John Doe #1, an unknown dentist; (8) John Doe #2, an unknown psychologist; and (9) John Doe #3, an unknown food service administrator. (Doc No. 1.)

The gist of the complaint is that Crawford contends that he was not properly treated for numerous alleged medical ailments. Crawford also alleges that he was discriminated against on November 1, 2013 in retaliation for him being a Muslim by John Doe #3. Crawford also alleges that Sergeant Kennedy retaliated against him, but does not further elaborate as to why. Crawford's complaint alleges that he was confined at the Lackawanna County Prison from about April 2, 2013 through February 26, 2015, when he was transferred to Pike County Correctional Facility. (Doc. No. 1 at 4.) Crawford also provides that he attempted to litigate these claims previously but the same were dismissed. (Id.)

The Court notes that in the previously litigated case, <u>Crawford v. McMillan, et al</u>, Civ. No. 1:14-CV-1936 (M.D. Pa. July 26, 2016), <u>affirmed</u> No. 16-3412 (3d Cir. Oct. 13, 2016), Crawford brought forth substantially the same claims against the same named Defendants as named in the present case. In that previous action filed on October 7, 2014, Crawford named as Defendants Edward Zaloga, D.O, Correctional Care, Inc., Anthony Iannuzzi, Ken McCawley ("Medical Defendants"), and Warden McMillan. This Court, by memorandum and Order dated June 7, 2016,

dismissed the medical negligence claims and deliberate indifference claims against the Medical Defendants and Warden McMillan, but granted Crawford leave to amend only his deliberate indifference claim. Crawford attempted to amend the complaint, and in doing so, named new defendants including Sergeant Kennedy, and an unnamed dentist and psychologist. This Court, by memorandum and Order dated July 26, 2016, dismissed the amended complaint for failure to state a claim upon which relief could be granted without further leave to amend as it related to the Medical Defendants and Warden McMillan. However, this Court provided that the new claims against Sergeant Kennedy and the unnamed psychologist and dentist were dismissed without prejudice to any right to file a new complaint.

Crawford subsequently filed this substantially similar action naming the Medical Defendants and Warden McMillian that were dismissed from the previous action as well as Sergeant Kennedy and the unnamed psychologist and dentist who were dismissed without prejudice from the previous action. Crawford has moved to proceed in forma pauperis (Doc. Nos. 2 and 7), which the Court will grant. Given that Crawford complains about prison conditions, the screening provisions of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e) apply.

## II.     Legal Standard

Pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2), the Court is required to screen in forma pauperis complaints prior to service and "shall dismiss

the case at any time if the court determines that ... the action ... (i) is frivolous or malicious [or] (ii) fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). An action is "frivolous where it lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Factual allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional," Neitzke, 490 U.S. at 328, or where "the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33.

28 U.S.C. § 1915's failure to state a claim standard mirrors Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. Rule 12(b)(6). Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must set forth a claim for relief, which contains a short and plain statement of the claim, showing that the pleader is entitled to relief. The complaint must provide the defendant with fair notice of the claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff

will ultimately prevail. See Phillips v. Cnty. of Allegheny, 515 F. 3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."); Nami v. Fauver, 82 F. 3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for his claims. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations omitted). The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556. Legal conclusions without factual support are not entitled to the assumption of truth. See Ashcroft v. Iqbal, 556 U.S. 662, 677-679 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common

5

sense review of the claim to determine whether it is plausible. This is a context-specific task, for which the court should be guided by its judicial experience. The court must dismiss the complaint if it fails to allege enough facts "to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 570). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677. Lastly, a pro se complaint is held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III. Discussion

### A. Res Judicata

Res Judicata, or claim preclusion, precludes a party from relitigating the same claims against the same parties after those claims have already been decided on the merits. See Chen v. Fairfield Township, 354 F. App'x 656, 658 (3d Cir. 2009); CoresStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 191 (3d Cir. 1999). United States District Courts, pursuant to the screening provisions of the PLRA, may sua sponte raise the doctrine of res judicata when screening the pro se

complaint. See Salley v. Rendell, Civ. No. 08-132, 2008 WL 1752246, at *9 (W.D. Pa. Apr. 14, 2008).

As set forth above, Crawford alleged in the 2014 complaint the same issues against the Medical Defendants and Warden McMillan as he alleges in the instant 2017 complaint. Specifically, Crawford alleges in the instant action that the Medical Defendants and Warden McMillan were negligent and deliberately indifferent to his serious medical needs. These were the very claims that this Court dismissed for failure to state a claim upon which relief could be granted in the 2014 action. Moreover, the alleged claims in this instant action are the very same that arose out of the same underlying events of Crawford's 2014 action. See United States v. Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984) (explaining that, for res judicata purposes, suits involve the same cause of action where there is "an essential similarity of the underlying events giving rise to the various legal claims."). Accordingly, res judicata bars Crawford's claims against the Medical Defendants and Warden McMillan and as such, Crawford's claims will be dismissed before service for failing to state a claim upon which relief can be granted. However, even assuming, arguendo, that res judicata does not bar all of Crawford's claims, the applicable statute of limitations does.

7

## B. Statute of Limitations

The Supreme Court has instructed that § 1983 claims are properly characterized as tort actions for the recovery of damages for personal injury, and that federal courts must borrow the statute of limitations governing personal injury actions from the state where § 1983 actions are brought. Wilson v. Garcia, 471 U.S. 262, 275-76 (1985); see Garvin v. City of Phila, 354 F.3d 215, 220 (3d Cir. 2003) (noting that there is a two-year statute of limitations for such actions in Pennsylvania); 42 Pa. Cons. Stat. Ann. § 5524. Moreover, while the statute of limitations constitutes an affirmative defense, the United States Court of Appeals for the Third Circuit permits this defense to be raised under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Chester v. Beard, 657 F. Supp. 2d 534, 540 (M.D. Pa. Sept. 28, 2009); see Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (providing that to dismiss under Rule 12(b)(6), the bar must be apparent on the face of the complaint); Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (same). Additionally, a § 1983 "cause of action accrues when the plaintiff knew or should have known of the injury upon which [his] action is based." Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Finally, a United States District Court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of

the complaint.  Kontaxes v. Wagner, Civ. No. 12-1165, 2012 WL 6764500, at *3 (W.D. Pa. Nov. 23, 2012).

Here, it is apparent from the face of the complaint that all of Crawford's claims against all named Defendants are severely time-barred by the applicable two year statute of limitations, including those claims brought against Sergeant Kennedy and the three John Does.  Indeed, Crawford alleges that he was housed at the Lackawanna County Prison from April 2, 2013 through February 26, 2015, when he was transferred to Pike County Correctional Facility.  All of the purported claims are directed against individuals and entities at the Lackawanna County Prison during that time period.  However, his instant complaint was not filed until April 11, 2017, and while he alleges that he exhausted all of his administrative remedies before he was transferred on February 26, 2015, any tolling pending the exhaustion of his administrative remedies would not have lasted the filing date of his complaint.  See Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 603 (3d Cir. 2015) (providing that the statute of limitations applicable to § 1983 actions should be tolled while a prisoner pursues the mandated administrative remedies).

Therefore, even affording Crawford the most liberal timing and construction of when the statute of limitations began to run, i.e., February 26, 2015 when he was transferred, the statute of limitations bars his claims by almost two months.

Accordingly, Crawford's claims will be dismissed before service for failing to state a claim upon which relief can be granted, given that the applicable two year statute of limitations bars this suit.

**IV.     Conclusion**

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis but will dismiss the complaint. An appropriate order follows.

   s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

June 9, 2017